No. 1844
Second Circuit Appeal

---

MOROTOCK MFG. CO. v. BRITT & NORRIS

---

(Feb. 20, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Sales—Par. 58.**
In view of Article 2484 of the Civil Code, where no place of delivery is specified, the delivery of merchandise consigned to the buyer to an express company by the seller in Virginia completed the sale, making the buyer in Louisiana the owner.

2. **Louisiana Digest—Estoppel—Par. 30.**
The filing of a claim for damages with an express company by the seller of merchandise does not estop the seller from showing that the damaged goods belonged to the buyer.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. J. H. Stephens, Judge.

This is a suit to recover from the buyer the price of goods sold and delivered to the express company but damaged in transit.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

D. C. Scarborough, Jr., of Shreveport, attorney for plaintiff, appellee.

Dickson & Denny, of Shreveport, attorneys for defendant, appellant.

ODOM, J. The plaintiff is a manufacturing corporation domiciled and doing business in Danville, Virginia.

The defendant is a commercial firm doing a mercantile business in Cedar Grove, Caddo parish.

In June, 1920, defendant ordered a bill of goods from the plaintiff amounting to $207.00.

The goods were promptly shipped by plaintiff from Danville by express, to defendant.

The goods were not received promptly by defendant who notified the plaintiff of that fact. The plaintiff filed a claim for the loss of the goods with the Express Company. The Express Company finally reported to the plaintiff that the goods were delivered to defendant. However, it later developed that the shipment reached Shreveport in badly damaged condition and was refused by defendant.

Plaintiff brings this suit for the amount of the bill. Defendant admits ordering the goods but denies liability on the ground that the goods were never delivered to it, and further pleads estoppel based upon the fact that plaintiff filed a claim for the amount of the loss with the Express Company.

There was judgment for plaintiff and defendant appealed.

The main issue to be determined, is:

Did the title to the goods pass to defendant upon their delivery to the carrier by plaintiff at Danville, Virginia, and was plaintiff's delivery of the goods to the Express Company at Danville, Virginia, under the circumstances a delivery of the goods to defendant?

There seems to have been nothing out of the ordinary in the transaction. A representative of the plaintiff company frequently called on defendant and took orders for goods. This order was taken in the usual course and sent by the drummer to plaintiff who accepted it and delivered the goods to the Express Company for shipment to defendant and took the usual receipt from the Express Company. It was understood that the goods were to be shipped f. o. b. Danville, Virginia, and defendant was to pay the freight charges. The record does not disclose that defendant selected the carrier to transport the goods. Nothing seems to have been said about that when the order was made. We therefore assume that the plaintiff selected the carrier, which it had a right to do, the buyer not having designated one. The goods were delivered to the American Railway Express Company, which is the only Express Company operating at Danville. There is nothing in the record to show that the place of delivery of the goods was mentioned by either party. They were to be shipped to defendant at Cedar Grove, Louisiana.

In 35 Cyc. 172, we find the rule stated thus:

"In the absence of any provision in the contract fixing a place for delivery the general rule is that the delivery shall be made at the place where the goods are at the time of the sale, and this will usually be the place of business of the seller, or manufacturer, or of shipment."

And the text further states that the rule may be modified by circumstances, custom of trade or the understanding of the parties that the delivery shall be made at the warehouse or place of business of the buyer.

And by the same authority it is stated that if delivery is made by a carrier, the place of shipment is ordinarily the place of delivery.

And we find it further stated (page 174):

"If the agreement is to sell goods f. o. b. at a designated place such place will ordinarily be regarded as the place of delivery."

However, it is stated that the effect of the words f. o. b. depends on the connection in which they are used and if used in connection with the words fixing

the price only it will not be construed as fixing the place of delivery.

In this case the buyer did not fix the place of delivery. He ordered the goods to be shipped in due course, he to pay the freight.

We see no reason why the general rule should not apply in this case, which rule is that the place of delivery is where the goods are at the time of the sale. These goods were ordered by defendant in Cedar Grove through a drummer. The order was sent to plaintiff at Danville, Virginia, where it was accepted and the goods delivered to a common-carrier.

Article 2484 of the Civil Code reads as follows:

"The delivery must be made on the place where the thing, which is the object of the sale, was at the time of such sale, if not otherwise agreed upon."

In Claflin & Co. vs. Mayer, 41 La. Ann. 1048 (1051). 7 South. 139, the court said:

"It is not doubted that purchases by order by the buyer himself become contracts of the place where the order is filled."

See Succession of Welsh, 111 La. 801, 35 South. 913.

These goods were not ordered to be shipped and delivered in Shreveport subject to inspection. On the day that the order was filled and the goods shipped the defendant was the owner of them and delivery of articles ordered of a manufacturer, delivery is to be made at the place they are manufactured.

In Leeds vs. Breedall, 2 Rob. 105, it was held that where no place is designated for delivery was made in Virginia.

All authorities are to the effect that unless it is otherwise stipulated, merchandise delivered by the seller to a carrier designated by the buyer or to one usually employed to transport goods from the seller to the buyer, is a delivery to the purchaser the carrier becoming the agent or bailee of the buyer.

35 Cyc. 193.

In this case the buyer did not designate the carrier but the goods were delivered by the seller to an Express Company which was the only one operating at that place; and while there is nothing in the record to throw any light upon the subject, yet we think we may assume that this was the carrier ordinarily employed to transport goods from this seller to the buyer.

Our conclusion is, that the goods became the property of the defendant when the order was accepted and filled in Virginia and that the delivery of them by the seller to the common carrier was a delivery to the defendant and they were no longer at the risk of the plaintiff.

The sale was complete; the defendant became bound for the price; and the fact that the goods were not delivered to him does not relieve him from his obligation to pay.

See Loveland vs. Dennan, 17 L. R. A. (N. S.) 1119.

## ON THE PLEA OF ESTOPPEL.

The plaintiff filed a claim for the goods shipped with the Express Company. Defendant urges estoppel on this ground. He says that the plaintiff company cannot deny that it was the owner of the goods, having filed a claim with the carrier in its own name.

The filing of the claim might be regarded as a circumstance tending to show that plaintiff considered itself the owner of the goods. But it cannot, in our opinion be plead as an estoppel. We have held that the title to the goods vested in defendant and that they were delivered to it in Virginia. No act of plaintiff could, after the transaction was complete and the ownership vested in defendant change the status of the parties.

For the reasons assigned, the judgment of the District Court is affirmed with costs.